UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ARION JONES AND COY JONES     CIVIL ACTION

VERSUS     NO. 12-1786 c/w 13-0048
*Pertains to both cases*

FIREMAN'S FUND INSURANCE     SECTION "C" (1)
COMPANY, HARB PRODUCTION
SERVICES, LLC AND LAROL D.
BLANTON

## ORDER AND REASONS

The Court considers the issue of subject matter jurisdiction in case number 12-1786 and case number 13-0048. The Court originally asked the parties on January 17, 2013 to brief the issue of whether the jurisdictional minimum existed at the time of removal. Rec. Doc. 10. When it became clear from the parties' memoranda that they had interpreted the need for briefing only to apply to case number 13-0048, on March 1, 2013, the Court gave the parties another opportunity to brief the issue of whether jurisdictional minimum existed at the time of removal for both case number 13-0048 and case number 12-1786, which are now before this Court. Rec. Doc. 14. The parties were reminded that they may not consent, nor stipulate, to subject-matter jurisdiction and that they must provide affirmative proof as to the amount of loss. *Id.* The Court now considers the issue of whether the jurisdictional minimum existed at the time of removal based on the memoranda from the parties. Rec. Docs. 15, 16.

The parties submitted no affirmative proof that the amount in controversy exceeded $75,000 at the time of removal in either case 12-1786 or related case 13-0048. In case number 12-1786, defendants explain that the jurisdictional minimum has been met because Ms. Jones has been diagnosed with at least one cervical disc herniation and that she has undergone extensive orthopedic care. Rec. Doc. 16, p. 5-6.

1

Defendants cite to no cases where surgery was required for this type of injury but reference *Martin v. ERMC II*, where a plaintiff was awarded $103,000.00 in general damages as a result of an accident after which she was diagnosed with cervical and lumbar strains, as well as possible underlying spinal pathology, 2009-491 (La. App. 3rd Cir. 11/4/09); 23 So.3rd 1008.  Neither party has stated that either plaintiff may undergo surgery. Rec. Docs. 15, 16.  Instead, defendants explain that they decided to remove the case for a second time after Dr. John C. Cornett testified, after physical examination and MRI studies, that Ms. Arion Jones had "a 'loss of curvature' in her lumbar and thoracic spine . . . and also herniation at C6/7 . . . ." Rec. Doc. 16, p. 3.  In response to this, Dr. Cornett recommended an orthopedic or neurosurgical referral.  *Id.* Defendants provide no affirmative proof that the referral resulted in loss over $75,000.

Plaintiffs agree that Ms. Jones' alleged damages exceeded $75,000 at the time of removal.  They support this assertion with deposition testimony from Dr. Cornett and an MRI of the cervical spine of Arion Jones.  While plaintiffs provide evidence that Ms. Jones underwent the MRI, Rec. Doc. 15, Exh. A, they do not provide proof of loss demonstrating that the cost of the MRI exceeded the jurisdictional minimum at the time or removal.  Additionally, they state that the orthopedic physician recommended a percuntaneus discectomy procedure which is estimated to cost $22,600. *Id.*, p. 3.  This amount of loss also falls below the jurisdictional minimum.  Plaintiffs cite to cases where plaintiffs with disc herniation prior to surgical intervention, as is the case here, have received over $75,000 in damages. *See e.g. Rico v. Sewerage and Water Board of New Orleans*, 04-2006 (La. App. 4 Cir. 3/8/06), 929 So.2d 143.  In other cases with similarly situated plaintiffs, where a plaintiff has alleged a herniated disc and related injuries without required surgery, damages have totaled less than $75,000. *See McKnight v. McCastle*, 2004-2437 (La. App. 1 Cir. 12/22/05); 928 So.2d 45 (awarding plaintiff who had suffered a lumbar radiculopathy secondary to a disc herniation at the L5-S1 level with nerve root impingement on the left S1 nerve root $30,000); *Sallinger v. Robichaux*, 98-2160 (La. App. 1 Cir. 6/22/01), 797 So.2d 724 (awarding plaintiff who might have sustained a disc herniation with a future surgery possible $55,000).  Here, the parties have not provided proof of loss that evidences a claim for greater than $75,000 at the time of removal. Rec.

2

Docs. 15, 16.

Defendant concedes that, independently of case number 12-1786, case number 13-0048 does not meet the requirement for jurisdictional minimum at the time of removal, but claims that the Court should still exercise supplemental jurisdiction over the claim. *See* Rec. Doc. 15, p. 5 (adopting the argument in its first memorandum on jurisdictional minimum in Rec. Doc. 11 that the Keasley claims could be properly brought before this court based on supplemental jurisdiction under 28 USC §1367(a)). Since the Court finds that case number 12-1786, involving the Jones plaintiffs, does not meet the jurisdictional minimum, the court may not exercise supplemental jurisdiction over the parties to 13-0048. Additionally, while plaintiffs claim that the Keasleys' damages exceed $75,000, the only loss they cite to is bills for past medical damages totaling $9,393.20 and they do not provide affirmative proof of that loss. Rec. Doc. 15, p. 3. Defendants provide the only proof of Shantell Keasley's loss in medical bills for $3,065.00, $2,921.00 and $1,300.00. Rec. Doc. 16, Exh. F. This does not demonstrate that the Keasley plaintiffs' loss has met the required amount in controversy for this court to have diversity jurisdiction.

The Court does not find that the jurisdictional minimum is met in either case. In addition, the Court is mindful that removal jurisdiction is strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil* § 3739.

Accordingly,

IT IS ORDERED that case number 12-1786 and case number 13-0048 be are REMANDED to the Civil District Court for the Parish of Orleans, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 1st day of April, 2013.

                                        **HELEN G. BERRIGAN**
                                        **UNITED STATES DISTRICT JUDGE**